UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                              :
GUVERA IP PTY LTD.,                           :
                              :
                Plaintiff,        :
                              :          21-CV-4544 (JMF)
          -v-                        :
                              :      MEMORANDUM OPINION
SPOTIFY USA, INC.,                         :          AND ORDER
                              :
                Defendant.      :
                              :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On September 28, 2022, the Court entered an Opinion and Order (the "Opinion"), familiarity with which is presumed, granting Defendant Spotify USA, Inc.'s motion to dismiss and denying Plaintiff Guvera IP Party Ltd. ("Guvera") leave to amend. *See Guvera IP Pty Ltd. v. Spotify, Inc.*, No. 21-CV-4544 (JMF), 2022 WL 4537999 (S.D.N.Y. Sept. 28, 2022) (ECF No. 56). Guvera now moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, for reconsideration. *See* ECF No. 59. Guvera argues that *Cooperative Entertainment, Inc. v. Kollective Tech., Inc.*, 50 F.4th 127 (Fed. Cir. 2022), decided by the Federal Circuit on the same day that this Court entered its Opinion, represents an intervening change in controlling law requiring a different result. *See* ECF No. 60 ("Pl.'s Mem.").

        Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-CV-5429 (RJS), 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)). A motion for reconsideration "is not a vehicle for

relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  "[T]he standard for granting [a motion for reconsideration] is strict." *Id*.  "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up).

Measured against this strict standard, Guvera's motion for reconsideration falls far short.  Put simply, *Cooperative Entertainment* did not change "controlling law"; it merely applied settled law — the settled law that the Court applied in its Opinion — to a particular set of facts.  Indeed, even Guvera comes close to conceding as much, asserting only that *Cooperative Entertainment* "clarified" the law regarding patent eligibility.  Pl.'s Mem. 2.  The Federal Circuit did not suggest, let alone state, that its opinion reflected a change in the governing law.[1]  Nor has it done so in opinions addressing the same issues since *Cooperative Entertainment* was decided.  *See Int'l Bus. Machs. Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1374 (Fed. Cir. 2022); *Weisner v. Google LLC*, 51 F.4th 1073, 1085 (Fed. Cir. 2022).  In fact, neither *Weisner* nor *Zillow* even

---

[1]     In its reply, Guvera cites the Federal Circuit's Internal Operating Procedures for the proposition that designation of the opinion in *Cooperative Entertainment* as "precedential" means that the decision was "meant to add significantly" to the relevant body of law.  ECF No. 62 ("Pl.'s Reply"), at 2 (emphasis omitted).  The Court would be on firm ground ignoring that argument, as it was made for the first time in reply.  But in any event, Guvera reads too much (or too little, as the case may be) into the Federal Circuit's Internal Operating Procedures.  They identify *fourteen* scenarios for issuing a precedential opinion, including application of "[a]n *existing rule of law* . . . to facts significantly different from those to which that rule has previously been applied" and "[a] significantly new factual situation."  ECF No. 62-3, at 5 (emphasis added).  Put simply, the fact that the Federal Circuit designated its opinion as "precedential" does not mean that it represented a change in the controlling law.

mentions *Cooperative Entertainment*.² Hardly the stuff an "intervening change of controlling law" is made of. And absent such a change, there are plainly no grounds for reconsideration, as Guvera's arguments amount to nothing more than the relitigation of "old issues."

The Court has considered all of Guvera's arguments for reconsideration and finds that they are without merit. Unlike the patent holders in *Cooperative Entertainment* (and *Weisner*, upon which Guvera relies in its reply), Guvera did not, and cannot, plausibly allege that the '633 Patent contains an inventive concept. As the Court explained in its Opinion, the Patent recites only "instructions for implementing the abstract idea of content matching on a computer," and the patent specification and Second Amended Complaint contain no non-conclusory allegations that the patent claims a specific technological improvement. 2022 WL 4537999, at *6-7.

Accordingly, Guvera's motion for reconsideration must be and is DENIED. The Clerk of Court is directed to terminate ECF No. 59.

SO ORDERED.

Dated: November 16, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

² The *dissent* in *Zillow* cites *Cooperative Entertainment*, but only for the well-established proposition that, in deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept the plausible factual allegations in . . . [the] complaint . . . as true, and . . . draw all reasonable inferences in [the non-moving party's] favor." *Zillow Grp.*, 50 F.4th at 1384 (Stoll, J., dissenting in part).